UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSHUA GONZALEZ,
    *Plaintiff*,

v.

OFFICER PAYNE et al.,
    *Defendants*.

Case No. 3:19-cv-1676 (CSH)
March 28, 2023

## RULING ON MOTION FOR SUMMARY JUDGMENT

**HAIGHT, Senior District Judge:**

    The Plaintiff, Joshua Gonzalez, formerly a prisoner in the custody of the Connecticut Department of Correction ("DOC"), has filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The Complaint brought multiple claims against twelve defendants. Compl. (Doc. 1) at 1. Following review pursuant to 28 U.S.C. § 1915A, the Court permitted Plaintiff to proceed with just two claims against the following Defendants: Officer Payne, Lieutenant Russell, Lieutenant Hartley, Lieutenant Michaud, Warden Corsella, Director of Security Santiago, Commissioner Cook, OCPM Director Miaga, and SRG Coordinator Papoosha. Initial Review Order (Doc. 9) at 35.

    The Defendants now seek summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies prior to filing suit. Mot. for Summ. J. (Doc. 31) at 1. The Defendants support their request for summary judgment with a memorandum of law and a statement of material facts under Local Rule of Civil Procedure 56(a)1. Doc. 31-1 and 31-2. With their summary judgment motion, the Defendants also filed a Notice to Self-Represented Litigant, as required by Local Rule of Civil Procedure 56(b). Doc 31-3. This Notice informed Plaintiff that his claims could be dismissed if he failed to respond to the summary judgment motion as required by Local Rules

of Civil Procedure and the Defendants showed that they were entitled to judgment as a matter of law. *Id.* Nonetheless, Plaintiff has not filed any documents in opposition to summary judgment. This Ruling resolves the motion.

## II. STANDARD OF REVIEW

A motion for summary judgment may be granted only when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a); *see also Redd v. New York Div. of Parole*, 678 F. 3d 166, 173–74 (2d Cir. 2012). A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial." (citation and internal quotation marks omitted)). A fact is "material" if it "might affect the outcome of the suit under governing law." *Liberty Lobby*, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating the absence of a disputed issue of material fact. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). If the initial burden is satisfied, the burden then shifts to the nonmoving party to present "specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (citation and internal quotation marks omitted). While the Court must view the record in the light most favorable to the nonmoving party and resolve all ambiguities and draw all reasonable inferences in that party's favor, *Liberty Lobby*, 477 U.S. at 255, the nonmoving party nevertheless "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmovant must support each assertion disputing the veracity of a fact, or indicating

the existence of a dispute, with specific citation to the evidentiary record. *See* Fed. R. Civ. P. 56(c)(1).

### III. FACTS

The following facts are derived primarily from the Defendants' Local Rule 56(a)1 Statement and its supporting exhibits. *See* Doc. 33-2. The Court also takes note of the Complaint's factual allegations to the extent that they are within Plaintiff's personal knowledge. *See* Doc. 1; *see also Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) ("A verified complaint is to be treated as an affidavit for summary judgment purposes, and therefore will be considered in determining whether material issues of fact exist, provided that it meets the other requirements for an affidavit under Rule 56(e).") Because the Court addresses summary judgment on the ground that Plaintiff failed to exhaust his claims, some facts pertaining to the underlying merits of Plaintiff's claims are omitted.

Plaintiff initiated this action on October 23, 2019, while incarcerated as a sentenced prisoner. Doc. 1 at 2 ¶ 6; Doc. 31-2 at 2 ¶ 5. During the time of events alleged in the Complaint though, Plaintiff was held in DOC custody as a pretrial/presentence detainee. Doc. 31-2 at 2 ¶ 5.

In its Initial Review Order, the Court construed Plaintiff's Complaint to allege cognizable Fourth and Fourteenth Amendment causes of action. Doc. 9 at 35. The Fourth Amendment claim pertains to an alleged "search" of Plaintiff's Facebook page through which some Defendants gleaned information used to designate Plaintiff as a Security Risk Group ("SRG") member. *Id.* at 16–18. Although it is not clear when Defendants purportedly searched Plaintiff's Facebook page,

Plaintiff was aware that his social media posts had been reviewed no later than December 3, 2018. Doc. 1 at 6–7 ¶¶ 29–32.[1]

Plaintiff's surviving Fourteenth Amendment cause of action (a substantive due process claim) relates to his designation as an SRG member and the resulting, allegedly punitive, conditions of confinement. Doc. No. 9 at 22–27. Of relevance to this claim, Plaintiff was designated as an SRG member on December 3, 2018, and his presentence segregated housing lasted from December 14, 2018, to April 17, 2019. Doc. 1 at 6–7, 9 ¶¶ 29–32, 44; Doc. 31-2 at 2 ¶ 5.[2]

Plaintiff filed two "Level 1" administrative grievances that are self-dated within the period of his pre-sentence confinement. Doc. 31-2 at 6 ¶¶ 30–31, 34–35. The first grievance—self-dated March 18, 2019—pertains to events that have no bearing on the claims considered in this summary judgment order. Doc. 31-10 at 4. The second grievance—self-dated April 4, 2019—states, in relevant part:

> I was sent to the SRG program illegally and without a hearing. My civil rights are violated, especially my freedom of speech and due process. Resolution: Place me back into general population or I will have no choice to invoke my rights in federal court.

Doc. No. 31-9 at 4.

Plaintiff's second grievance was reported as having been received on June 26, 2019, and was rejected on the ground that it was not filed within an applicable fifteen-day deadline. *Id.* at 4–5. In his Complaint, Plaintiff asserts that he appealed the rejection of this grievance, but that this appeal was also rejected. Doc. 1 at 11 ¶ 54.

---

[1] The Complaint asserts that Plaintiff was placed in a restrictive housing unit earlier, on November 28, 2018, for "free speech on social media." Doc. 1 at 10 ¶ 53. But it is not clear that Plaintiff was immediately notified of the reason for his RHU placement or that the social media posts resulting in Plaintiff's RHU placement were the same ones used to justify his SRG designation.

[2] In its Initial Review Order, the Court construed Plaintiff's Fourteenth Amendment claim to span from "mid-December 2018 until April 26, 2019." Doc. 9 at 35. But this was because Plaintiff mistakenly reported his sentencing date as April 27, 2019, in the Complaint. *Id.* at 6 n.2. Plaintiff was, in fact, sentenced on April 17, 2019. Doc. 3-18 at 2.

## IV. DISCUSSION

The Defendants contend that they are entitled to summary judgment on Plaintiff two surviving claims because Plaintiff did not properly exhaust his administrative remedies prior to commencing this action. Doc. 31 at 1.

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust administrative remedies prior to filing a federal lawsuit regarding prison conditions. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This exhaustion requirement applies to all actions "about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Because "[p]roper exhaustion demands compliance with an agency's deadlines and other crucial procedural rules," an inmate cannot exhaust a federal claim through the filing of "an untimely or otherwise procedurally defective administrative grievance." *Woodford v. Ngo*, 548 U.S. 81, 83–84, 90–91 (2006).

There is one notable exception to the PLRA's general exhaustion requirement: inmates "need not exhaust unavailable" remedies. *Ross v. Blake*, 578 U.S. 632, 642 (2016). However, in this case, Plaintiff does not contend that he lacked an opportunity to pursue administrative remedies. Doc. 1 at ¶ 23. Thus, the Court need only evaluate whether Plaintiff properly exhausted his administrative remedies for the claims that have survived initial review.

### A. Fourth Amendment Claim

When Plaintiff's Fourth Amendment claim accrued, the DOC had an established procedure for the review of general, non-medical inmate grievances. *See* Administrative Directive 9.6(4)(A),

5

(6).³ Under the procedure then in effect, to exhaust a general, non-medical claim, a DOC inmate had to navigate an administrative process that entailed multiple stages of dispute resolution. For the purposes of assessing the exhaustion of Plaintiff's Fourth Amendment claim, it suffices to note that an inmate was required to file a Level 1 grievance "within 30 calendar days of the occurrence or discovery of the cause of the grievance." Administrative Directive 9.6(6)(C).

Here, Plaintiff filed only one Level 1 grievance that debatably implicated the purported search of his Facebook page. And this grievance was filed no earlier than April 4, 2019.⁴ Because Plaintiff was aware that his Facebook page was searched no later than December 3, 2018, his grievance was untimely and, thus, cannot serve to exhaust his Fourth Amendment cause of action. Accordingly, the Court will grant summary judgment to the Defendants on this claim.

## B. Fourteenth Amendment Claim

Plaintiff's Fourteenth Amendment substantive due process claim pertains to his designation as an SRG member and resulting, allegedly punitive, conditions of confinement. To exhaust a challenge to an SRG designation at the time Plaintiff's claim accrued, a DOC inmate was required to file an administrative remedies form "within 15 calendar days of the notice of designation." Administrative Directive 9.6(9).⁵

---

³ Since the accrual of Plaintiff's § 1983 claims, the DOC has amended Administrative Directive 9.6. *See* https://portal.ct.gov/DOC/AD/AD-Chapter-9 (last visited March 8, 2023). Throughout this order, the Court cites to the version of Administrative Directive 9.6 effective in 2018 and 2019. This version of Administrative Directive 9.6 is attached as an exhibit to the Defendants' summary judgment filings. *See* Doc. 31-7.

⁴ The Defendants appear to argue that Plaintiff's grievance was filed on June 26, 2019, when it was received by an administrative adjudicator. Doc. 31-1 at 11. But Administrative Directives provide that a grievance is considered filed when deposited in an administrative remedies mailbox. *See* Administrative Directive 9.6(6). From the current summary judgment record, the Court cannot conclude that Plaintiff's grievance was necessarily filed (*i.e.*, placed in a mailbox) on the date that it was marked as having been received by an adjudicator. Instead, the Court finds that the grievance must have been filed at some point between its self-dating and the adjudicator's noted date of receipt.

⁵ Challenges to SRG designations were exempt from exhaustion rules that applied to typical, non-medical grievances. *See* Administrative Directive 9.6.(4)(A), (D).

Here, Plaintiff filed an administrative remedies form bringing a due process challenge to his SRG designation. But he did so no earlier than April 4, 2019. Because Plaintiff was notified of his SRG designation on December 3, 2018, his appeal from this designation was filed well-beyond the applicable fifteen-day administrative deadline.

When Plaintiff filed his administrative remedies form, he was still a presentence detainee. Thus, if his administrative remedies form could be construed as a Level 1 grievance challenging ongoing conditions of confinement, then it could plausibly serve to exhaust a Fourteenth Amendment claim of ongoing, punitive conditions of confinement (as opposed to a claim that his initial SRG designation was punitive). *See Lewis v. Cook*, 3:19-cv-1454 (JCH), 2021 WL 4477392 at *9 (D. Conn. Sept. 30, 2021) (noting two relevant factors in assessing whether pretrial SRG placement was punitive: (1) the initial SRG designation; and (2) conditions of confinement during SRG placement). However, on his administrative remedies form, Plaintiff merely asserted that he "was sent to the SRG program illegally and without a hearing." Doc. 31-9 at 4. Because Plaintiff exclusively conveyed grievance with his *placement* in the SRG program, it does not implicate an ongoing conditions of confinement claim.

In sum, Plaintiff filed an administrative remedies form too late to exhaust a claim pertaining to his SRG designation and without sufficient allegations to exhaust a conditions-of-confinement claim. Thus, the Court will grant summary judgment to the Defendants on Plaintiff's substantive due process claim.

## V. CONCLUSION AND ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

**(1)** The Defendants' motion for summary judgment [Doc. 31] is **GRANTED**.

**(2)** Plaintiff's remaining claims, under the Fourth Amendment and Fourteenth Amendment, are **DISMISSED WITH PREJUDICE**.

**(3)** The Clerk is directed to enter judgment in favor of the Defendants and close this case.

It is SO ORDERED.

Dated at New Haven this 28th day of March 2023.

*/s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge